UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NAKETA C. MALONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00053 ERW |
| ) | |
| AMEREN UE, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND MEMORANDUM**

This matter comes before the Court on Defendant's Motion to Compel [doc. #33] and the Court's Show Cause Order [doc. #38]. A hearing was held on December 21, 2009, and the Court heard oral arguments from the Parties on the pending Motion and Show Cause Order.

Defendant Ameren UE's responses were due on July 13; however, Plaintiff, Mr. Naketa Malone, was granted until July 30 to respond. On July 16, Plaintiff requested additional time to respond, and Defendant extended the deadline to August 3. On August 10, Plaintiff's counsel was permitted to withdraw, and Plaintiff retained new counsel. On September 10, this Court held a conference with the parties and granted Plaintiff until October 5 to respond to the discovery requests. Plaintiff failed to meet this deadline. On November 9, the parties conferred again, and Plaintiff agreed to provide responses by November 11. Defendant filed its Motion to Compel on November 12 after Plaintiff failed to respond to the discovery requests by November 11. In the motion, Defendant sought to compel Plaintiff to respond to Defendant's First Interrogatories Directed to Plaintiff and First Request for Production of Documents.

The Court scheduled a hearing for December 4, 2009 in regards to Defendant's Motion to Compel Discovery [doc. #33] . The Court issued a Show Cause Order [doc. #38] on December 4, 2009 after Plaintiff's Counsel failed to appear by telephone for the hearing regarding Defendant's Motion to Compel. The Court gave Plaintiff ten (10) days to demonstrate to the Court why the action should not be dismissed with prejudice for failing to comply with the Federal Rules of Civil Procedure. On December 11, 2009, Plaintiff's Counsel responded to the show cause order by claiming that he was unable to furnish the discovery request due to a family emergency. Additionally, Plaintiff claimed that the discovery responses were supplemented and sent to Defendant along with the Court ordered attorney fees following the hearing. In reply, Defendant argued that the supplemental discovery responses were incomplete and inadequate. Defendant requested that the Court dismiss the suit with prejudice.

Fed. R. Civ. P. 26(b)(1) provides that the parties to an action "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Court finds that Plaintiff's responses to Defendant's discovery requests fail to comply with this rule. The Court has reviewed Defendant's Motion, in addition to Plaintiff's disclosures and responses to Defendants's First Set of Interrogatories and First Request for Production of Documents, and makes the following findings:

1. Plaintiff shall, within twenty (20) days of the date of this Order, produce all his tax returns, IRS documents, and any other tax related documents Plaintiff has filed or received for the last ten (10) years.

2. Plaintiff shall, within twenty (20) days of the date of this Order, produce the names, last known addresses, and telephone numbers of every doctor, psychiatrist, chiropractor, and

any other medical professional who has seen Plaintiff for medical reasons in the last fifteen (15) years.

3. Plaintiff shall, within twenty (20) days of the date of this Order, produce the names, last known addresses, and telephone numbers of every hospital, clinic, urgent care facility, and any other business engaged in the business of treating physical or mental ailments that Plaintiff has visited for medical reasons in the last fifteen (15) years.

4. Defendant shall, within two (2) days of the date of this Order, send Plaintiff a medical authorization form that grants Defendant the authority to contact and request medical records from all treating physicians and health facilities that Plaintiff has visited in the last fifteen (15) years.

5. Plaintiff shall, within twenty (20) days of the date of this Order, produce all social security documents, and in addition, Plaintiff shall supply Defendant with an affidavit attesting to any statements Plaintiff made to any social security employee regarding his disability status.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Discovery [doc. #33] is **GRANTED** as set forth above.

Dated this 22nd Day of December, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE