UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NAKETA C. MALONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00053 ERW |
| ) | |
| AMEREN UE, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Ameren UE's Motion to Dismiss [doc. #14].

**I.    BACKGROUND**

On January 1, 2009, Naketa C. Malone ("Plaintiff") filed a Complaint against Ameren UE ("Defendant"), alleging employment discrimination (Count I), and denial of accommodation under the Americans with Disabilities Act ("ADA") (Count II). With respect to Plaintiff's employment discrimination claims, he asserts that Defendant discriminated against him because of his gender, age, disability, and race. Plaintiff also alleges retaliation, "for going to the Defendant about the incidents enumerated below and filing the above charge with the US EEOC." (Complaint, doc. #1, p.3). Prior to filing the Complaint against Defendant, Plaintiff filed a Charge of Discrimination with the EEOC on March 7, 2008. In his Charge, Plaintiff noted that he was alleging race and age discrimination and retaliation. Plaintiff did not make any indication that he was pursuing gender or disability discrimination claims.

On June 8, 2009, Defendant filed the pending Motion to Dismiss [doc. #14], under Federal Rule of Civil Procedure 12(b)(6), seeking to have the Court dismiss Count II and the portions of Plaintiff's Count I that assert claims of gender and disability discrimination. Defendant argues that Plaintiff failed to exhaust his administrative remedies with respect to these claims. On September 29, 2009, Plaintiff filed his Response [doc. #31], in which he set forth his opposition to Plaintiff's Motion. Defendant filed a Reply [doc. #32] on October 14, 2009, and the Motion is now ready for the Court's review.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *See Davis v. Monroe City Bd. of Educ.,* 526 U.S. 629, 633 (1999). Further, the court must view all facts and inferences in the light most favorable to the nonmoving party. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007).

## III. DISCUSSION

Plaintiff's Complaint includes gender and disability discrimination claims, but neither of these claims were included in his EEOC Charge of Discrimination. The Eighth Circuit has established that:

> The purpose of filing a charge with the EEOC is to provide the Commission an opportunity to investigate and attempt a resolution of the controversy through conciliation before permitting the aggrieved party to pursue a lawsuit. . . . Accordingly, the sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC "investigation which could reasonably be expected to grow out of the charge of discrimination."

*Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988) (quoting *Griffin v. Carlin*, 755 F.2d 1516, 1522 (11th Cir. 1985)). Any allegations that exceed the scope of the plaintiff's EEOC charge "circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." *Kells v. Sinclair Buick-GMC Truck, Inc.*, 201 F.3d 827, 836 (8th Cir. 2000). Failure to include each type of discrimination asserted in an EEOC charge is equivalent to a failure to exhaust administrative remedies with respect to those types of discrimination omitted. *See Habib-Stevens v. Trans States Airlines, Inc.*, 229 F. Supp. 2d 945, 946-48 (E.D. Mo. 2002). Because Plaintiff did not raise his gender and disability discrimination claims in his EEOC Charge of Discrimination, the Court finds that he did not exhaust his administrative remedies with respect to those claims, and they are not allowed.

Plaintiff argues that his gender and disability discrimination claims should be allowed because they are reasonably related to the discrimination claims that he did make in his EEOC Charge of Discrimination. Plaintiff is correct that "[a] plaintiff may seek relief for any discrimination that grows out of or is reasonably related to the substance of the allegation in the administrative charge." *Nichols v. American Nat'l Ins. Co.*, 154 F.3d 875, 886-87 (8th. Cir. 1998). However, both the Eighth Circuit and Eastern District of Missouri have repeatedly rejected arguments that discrimination claims not included in an EEOC charge are reasonably related to the different types of discrimination claims that were included in the EEOC charge. *See, e.g.*, *Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1025 (8th Cir. 2004) ("It is well-settled that charges of sexual harassment generally are not like or reasonably related to retaliation charges for complaining about antecedent harassment."); *Katoch v. Mediq/PRN Life Support Servs., Inc.*, 2006 WL 516843, at *9 (E.D. Mo. March 2, 2006) ("The additional claims in

3

plaintiff's complaint for wage discrimination based on race, pattern and practice discrimination based on race, denials of promotion based on race, retaliation for replacing defective parts with parts from other defective machines, lack of diversity of work assignments, and different employment standards are not reasonably related to plaintiff's claims of harassment, retaliation, and disability discrimination claims based on race, color, national origin, age, religion, and disability in the EEOC charge."); *Matthews v. St. Louis Univ.*, 2006 WL 269992, at *2 (E.D. Mo. Feb. 1, 2006) ("Plaintiff's claims of gender and age discrimination are in no way like or reasonably related to the race discrimination allegations contained in his administrative charge.").

Plaintiff has failed to exhaust his administrative remedies with respect to his claims of gender and disability discrimination. The Court finds that Plaintiff has failed to state a claim upon which relief may be granted with respect to these claims and, thus, pursuant to Federal Rule of Civil Procedure 12(b)(6), will dismiss those claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Ameren UE's Motion to Dismiss [doc. #14] is **GRANTED**. Plaintiff's Count II and the portions of Count I that assert claims of gender and disability discrimination are **DISMISSED**, **without prejudice**.

Dated this 2nd Day of March, 2010.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE